UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE GOMEZ,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>             Defendant. | Civil No. 09-2646-W(WVG)<br><br>REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(DOC. # 8) |

      On November 23, 2009, Plaintiff Irene Gomez (hereafter "Plaintiff") filed a Complaint For Judicial Review And Remedy On Administrative Decision Under the Social Security Act [42 U.S.C. §405(g)]. The Complaint states that Plaintiff seeks judicial review of a final administrative decision of the Commissioner of Social Security, which denied Plaintiff a period of disability benefits. Defendant Michael J. Astrue (hereafter "Defendant") has filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff has not filed an opposition to Defendant's Motion.

The Court, having reviewed Defendant's Motion to Dismiss, the documents attached thereto and GOOD CAUSE APPEARING, HEREBY RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On September 21, 2006, Plaintiff filed in this Court a Complaint for Judicial Review And Remedy On Administrative Decision Under the Social Security Act. [Case No. 06-2051-BTM(NLS)]. On September 10, 2007, the District Judge assigned to the case granted Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment and remanded the case to the Administrative Law Judge (hereafter "ALJ"), for further findings.

On August 5, 2009, the ALJ issued a decision, finding that Plaintiff was disabled as of September 30, 2006. [Dec. Of Joan Devera at para. 4(a) and Exh. 1, hereafter "Devera Dec."].

On August 31, 2009, Plaintiff submitted a Request for Review of the Hearing Decision (hereafter "Request for Review"), which sought the Social Security Administration's (hereafter "SSA"), review of the ALJ's decision.[1/] The Request for Review is pending before the Appeals Council.

II

DEFENDANT'S MOTION TO DISMISS

Defendant argues that the Social Security Act, 42 U.S.C. §405(g), requires a final decision of the Commissioner of the SSA before a claimant can commence a civil action in federal court. Since a Request for Review of the ALJ's August 5, 2009 decision is

---

[1/] On September 24, 2009, the Request for Review was mailed by Plaintiff's counsel to the Appeals Council. (Devera Dec. at para. 4(b) and Exh. 2].

2

09cv2646

still pending before the Appeals Council, Plaintiff has not yet obtained a final decision entitling her to commence an action in this Court. Plaintiff, having not filed an opposition to Defendant's Motion, does not address Defendant's argument.

The Social Security Act provides that "(a)ny individual, after *final decision* of the Commissioner of Social Security made after a hearing to which he was a party,... may obtain a review of such decision by a civil action" in federal court. 42 U.S.C. §405(g) (emphasis added). The Social Security Act does not define "final decision," instead leaving it to the SSA to give meaning to that term through regulations. Sims v. Apfel, 530 U.S. 103, 106 (2000), citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975), Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir. 1990). SSA regulations provide that if the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the Commissioner's "final decision." But if the Appeals Council denies the Request for Review, the ALJ's opinion becomes the "final decision." Sims, 530 U.S. at 106-107, 20 C.F.R. §§ 404.900 (a)(4)-(5), 404.955, 404.981, 422.210(a). When a claimant files written exceptions to the decision of the ALJ, the Appeals Council may assume jurisdiction *at any time*, even after the 60-day time period (to file an action in federal court) which applies when a claimant does not file exceptions to the decision of the ALJ. 20 C.F.R. §§ 404.984 (emphasis added), 416.1484.

Here, after this Court remanded Plaintiff's case to the ALJ for further findings, on August 5, 2009, the ALJ issued his decision. On August 31, 2009 (or September 24, 2009, see footnote 1), Plaintiff submitted to the Appeals Council a Request for Review

of the ALJ's decision.  The Appeals Council has not yet acted on Plaintiff's Request for Review.  Therefore, Plaintiff has not yet obtained a "final decision" of the Commissioner of Social Security.  Accordingly, she may not yet bring a civil action in this Court. Id.

Therefore, in light of the procedural history of this case, and the regulations promulgated by the SSA, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

## CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss be GRANTED.

This Report and Rcommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than June 18, 2010, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than July 2, 2010. The parties are advised that failure to file objections within the specified time may waive the right to raise those

1 | objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).

5 | DATED:  May 19, 2010

```
                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge
```